**Exhibit A**

**Proposed Order**

62358/0001-41067387v1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SC SJ HOLDINGS LLC, *et al.*[1] | Case No. 21-10549 (JTD) |
| Debtors. | (Jointly Administered) |

**ORDER GRANTING DEBTORS' OBJECTION TO PROOFS OF CLAIM OF ACCOR MANAGEMENT US INC. (F/K/A FAIRMONT HOTELS AND RESORTS (U.S.) INC.)**

Upon the *Debtors' Objection to Proofs of Claim of Accor Management US Inc. (f/k/a Fairmont Hotels and Resorts (U.S.) Inc.* (the "Objection")[2] filed by the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), requesting an order pursuant to sections 502(b) and 502(e)(1)(B) of the Bankruptcy Code and Bankruptcy Rule 3007 disallowing and expunging Claim Nos. 138 and 140; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Objection is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having found that the Debtors' notice of the Objection and opportunity for a hearing on the Objection was appropriate and no other notice need be provided; and the Court having reviewed the Objection and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Objection and on the record of the Hearing establish just cause for the relief granted herein; and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: SC SJ Holdings LLC (5141) and FMT SJ LLC (7200). The mailing address for both Debtors is 3223 Crow Canyon Road, Suite 300 San Ramon, CA 94583.

[2] Capitalized terms used, but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

62358/0001-41067387v1

all responses to the Objections (if any) having been withdrawn or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Objection is GRANTED to the extent set forth herein.

2. The Fairmont Proofs of Claim are disallowed to the extent set forth herein.

3. The Fairmont Proofs of Claim are disallowed to the extent that Fairmont is in possession of estate property that is subject to turnover pursuant to section 542 of the Bankruptcy Code. The Fairmont Proofs of Claim shall thus be disallowed in their entirety unless and until Fairmont turns over all estate property in its possession, custody, or control.

4. The Contingent Indemnity and Reimbursement Claims are contingent claims for reimbursement or contribution for which Fairmont and the Debtors are or may be co-liable. The Contingent Indemnity and Reimbursement Claims are thus disallowed under section 502(e)(1)(B) of the Bankruptcy Code.

5. The Fairmont Proofs of Claim do not include sufficient information to establish the *prima facie* validity of the Legal Fee Claims and such claims have no basis in the Debtors' books and records. The Legal Fee Claims are also unenforceable against the Debtors because they do not fall within the scope of the indemnity provision set forth in section 18.1 of the HMA. The Legal Fee Claims are thus disallowed.

6. The Fairmont Proofs of Claim do not include sufficient information to establish the *prima facie* validity of the Management Fees Claim and such Management Fees Claim does not have a basis in the Debtors' books and records in the amount asserted. Moreover, many of the

items comprising the Management Fees Claim for which Fairmont seeks reimbursement are not enforceable against the Debtors under the HMA. The Management Fees Claim is thus disallowed.

7. Fairmont's claim for reimbursement of the $10,162.95 payment it made on account of Debtor FMT's alleged 401(k) matching obligation for the April 2, 2021 payroll is disallowed under section 502(e)(1)(A) of the Bankruptcy Code.

8. The Debtors, the Debtors' claims agent, Stretto, and the Clerk of this Court are authorized to take all actions necessary and appropriate to give effect to this Order.

9. This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

62358/0001-41067387v1