**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SC SJ HOLDINGS LLC, *et al.*, | Case No. 21-10549 (JTD) |
| Reorganized Debtors.[1] | (Jointly Administered) <br> **Re: Docket No. 885** |

**PILLSBURY WINTHROP SHAW PITTMAN LLP'S**
**INITIAL RESERVATION OF RIGHTS REGARDING ACCOR'S**
**MOTION FOR SANCTIONS AGAINST DEBTORS AND SAM HIRBOD**

Pillsbury Winthrop Shaw Pittman LLP ("**Pillsbury**"), through undersigned counsel, respectfully submits its Initial Reservation of Rights (the "**Initial Response**") Regarding *Accor's Motion for Sanctions Against Debtors and Sam Hirbod* (Docket Number 885, the "**Sanctions Motion**").[2]

**INITIAL STATEMENT**

1.  Pillsbury continues to evaluate the voluminous Sanctions Motion (including exhibits), presently takes no position on it, and as noted below expressly reserves all rights, including the right to respond further to the Sanctions Motion.

2.  The purpose of this Initial Response, however, is briefly to address the statements about Pillsbury by Accor in paragraph 2 of the Sanctions Motion that, unfortunately, could easily

---

[1] The Reorganized Debtors in these cases, along with the last four digits of their federal tax identification number, are: SC SJ Holdings LLC (7200) and FMT SJ LLC (7200). According to the Reorganized Debtors, the mailing address for the Reorganized Debtors is 3223 Crow Canyon Road, Suite 300 San Ramon, CA 94583.

[2] Unless otherwise indicated, defined terms in this pleading shall have the same meanings ascribed to them in Pillsbury's Opposition to the Late Leave Motion (Docket Number 883, the "**Late Leave Motion Opposition**").

be misread. For the Court's convenience, we quote the entire paragraph with emphasis added to avoid misconceptions:

> *Debtors* have now expressly admitted in their public filing dated January 6, 2022, Motion of Reorganized Debtors for Leave to File an Objection to Application For Omnibus Order Approving Fee Applications for the Final Compensation Period March 5, 2021 – November 8, 2021 (D.I. 861) ("Debtors' Fee Objection"), that Hirbod's extensive, sworn testimony was false. Indeed, *they* expressly admit that the "entire campaign of communicating with other hotel brand candidates … was conducted without Fairmont's knowledge." (Id., Ex. A ¶ 11 (emphasis added).) In that same filing, *Debtors* also claim, remarkably, in seeking to avoid paying their own counsel's legal fees, that Hirbod's perjury was at least suborned – if not concocted – by Debtors' then- counsel, Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury"). Regardless of the extent of Pillsbury's involvement in the perjury – *a subject about which Accor takes no position – it was Hirbod and Debtors that actually committed the perjury for which severe sanctions should now be imposed.*

3. To be clear, Accor alleges that **the Debtors** (not Accor) claim Pillsbury "suborned" or "concocted" perjury (which, as explained in the following paragraph, the Debtors have not alleged). Significantly, not only does Accor not itself make such claim, but to the contrary, Accor expressly states "**Accor takes no position**" on "**the extent of Pillsbury's involvement in the perjury**" [because] "it was Hirbod and Debtors that actually committed the perjury for which severe sanctions should now be imposed."

4. Despite Accor's purposeful drafting to attribute *to the Debtors* an admission *that the Debtors* committed perjury, there is no such admission in the Debtors' filing on which Accor relied, the Debtors' motion for leave to file a late fee objection (the "**Late Leave Motion**," Docket 861). Nowhere do the Debtors admit to previously committing perjury, and therefore nowhere do they blame anyone (much less Pillsbury) for suborning or concocting any prior perjury.

5. Indeed, in contrast to alleging that Pillsbury "suborned" or "concocted" [past] "perjury" (which appears only in Accor's Sanctions Motion), the Debtors, in the Late Leave

Motion, allege that, before the commencement of the chapter 11 cases, Pillsbury advised the Debtors' professionals regarding the Debtors' rebranding campaign for the hotel; which pre-petition rebranding campaign the Debtors previously testified under oath was not secret, but now (in the Late Leave Motion) seem to assert was in fact secret. Pillsbury, however, was not involved in the pre-petition rebranding campaign and only became involved after the chapter 11 cases were filed. *See* Docket 884 (Potter Declaration). As a result, Pillsbury observed in its Late Leave Motion Opposition as follows: "Pillsbury submits that Mr. Hirbod cannot and will not sign a declaration that now contradicts his prior sworn testimony to this Court, out of real concern for the consequences of such perjury." (Docket No. 883, paragraph 17). In other words, sworn testimony from the Debtors in connection with the Late Leave Motion (not their prior disputes with Accor) could be perjury if that testimony misstates Pillsbury's conduct or contradicts previously sworn testimony, which Pillsbury has no evidence was not true.

6. Pillsbury unequivocally did not suborn or concoct perjury and denies any implication that it did, whether in the Sanctions Motion, the Late Leave Motion or otherwise.

**RESERVATION AND NONWAIVER OF RIGHTS**

7. Pillsbury reserves the right to respond further to the Sanctions Motion. Nothing herein shall be construed to: (a) constitute an admission; (b) constitute a waiver of any Pillsbury rights; or (c) prejudice Pillsbury's rights at law, equity or otherwise. Pillsbury expressly reserves all of its rights, including but not limited to all rights under the Confirmed Plan and the Confirmation Order (including the right, by motion and/or otherwise, to enforce the same), and all discovery rights.

| | |
|---|---|
| Dated: February 4, 2022 | **SAUL EWING ARNSTEIN & LEHR LLP**<br><br>*/s/ John D. Demmy*<br>John D. Demmy (DE Bar No. 2802)<br>1201 N. Market Street, Suite 2300<br>P.O. Box 1266<br>Wilmington, DE 19801<br>Telephone: (302) 421-6848<br>john.demmy@saul.com<br><br>-and-<br><br>**PILLSBURY WINTHROP SHAW PITTMAN LLP**<br>Patrick Potter (admitted *pro hac vice*)<br>Robert L. Wallan (admitted *pro hac vice*)<br>1200 Seventeenth Street NW<br>Washington, DC 20036-3006<br>Telephone: (202) 663-8928<br>patrick.potter@pillsburylaw.com<br>robert.wallan@pillsburylaw.com<br><br>*Counsel for Pillsbury Winthrop Shaw Pittman LLP* |

4